[Cite as *State v. Mims*, 2019-Ohio-4615.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-18-1166

      Appellee                                              Trial Court No. CR0201801511

v.

Anthony Mims                                          **DECISION AND JUDGMENT**

      Appellant                                             Decided:  November 8, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Anthony Mims, appeals from the July 27, 2018 judgment of the Lucas County Court of Common Pleas convicting him of felonious assault, a violation of R.C. 2093.11, a second-degree felony, and domestic violence, a violation of R.C. 2919.25, a fourth-degree felony.  The two convictions merged for sentencing and the

state elected to request sentencing on the felonious assault charge. Appellant was sentenced to eight years of imprisonment. For the reasons which follow, we affirm.

{¶ 2} Appellant asserts the following assignments of error:

I. APPELLANT'S CONVICTIONS FOR FELONIOUS ASSAULT AND DOMESTIC VIOLENCE WERE BASED ON INSUFFICIENT EVIDENCE.

II. APPELLANT'S CONVICTIONS FOR FELONIOUS ASSAULT AND DOMESTIC VIOLENCE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 3} The following evidence was submitted at trial. At approximately 9:30 p.m. on March 2, 2018, the victim was exiting her home, holding her young son and her cell phone, when she was punched in the face by someone's closed fist and her nose started bleeding and swelling. She dropped her phone and her attacker took it. Despite a broken porch light, she testified she had no problem recognizing appellant as her assailant. After she and her kids ran back in the house and she grabbed a towel, she went back outside. She recognized appellant's voice as he yelled a profanity before driving off in a red car. It was too dark to describe the car and she did not recognize it. At that time, the victim noticed someone had taken her child's bike and used it to break the front and rear windows of her car sometime within the half hour since she had arrived home that evening and when she had been attacked. Part of the bike remained in the back window

2.

and the bike was mangled. She immediately drove to her sister's house with her children and her sister called the police.

{¶ 4} A police officer confirmed a 911 call logged at 9:48 p.m. that evening. The police officer on the scene testified the paramedics that arrived recommended the victim go to a hospital and the officer drove her. The officer testified the victim was bleeding and was very upset. The officer identified pictures of the victim's fractured nose. The officer also observed the damages to her car. Video from his partner's body cam of the conversation was admitted into evidence. The victim further testified she was off work for 3-4 days and it took several weeks for the swelling to go away.

{¶ 5} The victim testified that she had been in a relationship with appellant for approximately seven years and gave birth to three children during that time. The victim stated she ended the relationship in January 2018, because it had simply run its course. But, she also admitted that just prior to that time, she had learned their middle child was not appellant's child. The victim had not told appellant because she anticipated a negative reaction from him. After the breakup, the victim and appellant discussed the rumors he was hearing about the child. Despite the breakup, the victim testified that appellant continued to face time with the kids and she had spoken with him on the day of the assault. The victim believed appellant used her phone to identify the child's father.

{¶ 6} Appellant stipulated to the fact of his 2015 conviction for domestic violence. Appellant testified on his own behalf and denied being at the victim's home that night. He stated he could not remember that evening but also testified he was sleeping at his

3.

niece's home at the time of the assault. He further testified he had known since December 2017, that he was not the father of one of their children. He admitted he was hurt by the victim's lies, but denied being angry. He testified he and the victim broke up at that time.

{¶ 7} In his first assignment of error, appellant argues there was insufficient evidence to support his convictions.

{¶ 8} Sufficiency of the evidence is a legal question of whether there was adequate evidence to present a case to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The appellate court does not weigh the evidence nor assess the credibility of the witnesses. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 207; *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978). The evidence must be viewed in favor of the prosecution and we must find that "any rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.E.2d 560 (1979).

{¶ 9} In this case, the state was required to prove that appellant committed felonious assault by "knowing[ly] * * * cause[ing] serious physical harm to another," and domestic violence by "knowingly caus[ing] or attempt[ing] to cause physical harm to a family or household member."

4.

{¶ 10} Appellant argues that the only evidence to support his conviction was the testimony of the victim, whose account of the incident was never thoroughly corroborated by the police when it could have been. He argued the police never verified the victim's porch light was out or confirmed there was sufficient lighting in the area to have identified her assailant. The police also never verified there was broken glass in her driveway or whether appellant owned a red, four-door car. Therefore, he argues, the identity of appellant as the assailant is dependent solely upon the credibility of the victim's testimony. Appellant further asserts the victim's credibility is impaired by the fact that the accuracy of her identification of appellant as the assailant was error-prone because the event happened quickly, her view was impaired by the lay of the house and the poor lighting, and she was unable to describe the vehicle in which the assailant left the scene other than it was red.

{¶ 11} We find there was sufficient evidence to submit this case to the jury. The victim testified she recognized appellant as her assailant and gave an explanation as to why he would have hit her. The police confirmed her injuries and the damages to the car. Therefore, we find appellant's first assignment of error not well-taken.

{¶ 12} In his second assignment of error, appellant argues his convictions were contrary to the manifest weight of the evidence.

{¶ 13} Even when there is sufficient evidence to support the verdict, the appellate court may find the verdict is against the weight of the evidence. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, quoting *Thompkins*, 78 Ohio

St.3d 380, 678 N.E.2d 541, at paragraph two of the syllabus. A challenge to the weight of the evidence questions whether or not the greater amount of credible evidence was admitted to support the findings of fact. *Eastley*. When weighing the evidence, the appellate court must consider whether the evidence in a case is conflicting or where reasonable minds might differ as to the inferences to be drawn from it, consider the weight of the evidence, and consider the credibility of the witnesses to determine if "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). When we weigh the evidence, we presume that the factfinder properly assessed the evidence. *Eastley* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, fn. 3, 461 N.E.2d 1273 (1984) (citation omitted).

{¶ 14} Again, the only argument raised by appellant is that the victim's testimony identifying appellant was uncorroborated. We find this is an insufficient reason to overturn appellant's conviction. The jury is charged with weighing the evidence and determining the credibility of the witnesses. *Id*. at 81, because the jury can observe "the witnesses' demeanor, gestures, and voice inflections" to weigh credibility. *State v. Anders*, 4th Dist. Ross No. 17CA3595, 2018-Ohio-1375, ¶ 55. Upon a review of the evidence, we find the jury did not lose its way or create a manifest miscarriage of justice by convicting appellant. The victim's injuries and the damage to the car were observed by the police officers on the scene; the victim testified she knew her assailant was

6.

appellant; there was evidence of a former relationship between the victim and appellant and a recent issue of conflict. The victim, if believed by the jury, provided the evidence which supported the conviction.

{¶ 15} Therefore, we find appellant's second assignment of error not well-taken.

{¶ 16} Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.