[Cite as *State v. Rance*, **2022-Ohio-4125.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Toledo

Appellee

v.

Giano Rance

Appellant

Court of Appeals No.  L-21-1234

Trial Court No.  CRB-21-06233


**DECISION AND JUDGMENT**

Decided:  November 18, 2022

* * * * *

David L. Toska, City of Toledo Chief Prosecuting Attorney, and
Christopher D. Lawrence, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court which,

following a bench trial, found appellant, Giano Rance, guilty of a violation of R.C.

2903.13(A), Assault, a misdemeanor of the first degree.  Appellant was then sentenced to

180 days, with all days suspended upon certain terms and conditions of probation for a period of one year. For the reasons set forth below, this court affirms the judgment of the trial court.

## Background

{¶ 2} On July, 10, 2021, A.T. and the father of her two children, T.K. attended a gathering at his cousin's, appellant Giano Rance, residence. A.T., T.K, appellant, and appellant's girlfriend were all in attendance and had been drinking. According to A.T.'s testimony, she and her boyfriend got into a heated argument at some point during the gathering. During the course of the disagreement between A.T. and T. K., a fan was knocked over. Then, appellant got up from the couch angrily and closed-hand punched A.T. on the right side of her face. A.T. was knocked to the ground by the punch and testified that when she got up her ear was hot, ringing, and she could not hear.

{¶ 3} A.T. went outside and called her mother, who picked her up from the home. The victim stated that she did not call the police because everyone had been drinking and she did not want to get anyone in trouble for drinking and driving. Later she went to the hospital where she was notified that her eardrum had ruptured. The nurses at the hospital called the police. Upon speaking with A.T., she told them that she was assaulted by appellant and sustained bruising on her arm.

2.

## Assignments of Error

**{¶ 4}** Appellant present two assignments of error for our review:

1. Trial court erred to the prejudice of the appellant by denying the defense motion for acquittal pursuant to Crim. R. 29.

2. Appellant's conviction for simple assault pursuant to R.C. 2903.13(A) was not supported by the manifest weight of the evidence.

**{¶ 5}** In his first assignment of error, Rance asserts that the trial court abused its discretion by denying the defense motion for acquittal pursuant to Crim.R. 29.

**{¶ 6}** A motion for acquittal under Crim.R. 29(A) is reviewed de novo by this court as a question of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). The motion is tested against the same standard used to determine whether a verdict is supported by sufficient evidence. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37; *State v. Nuhfer*, 6th Dist. Lucas No L–07–1125, 2009-Ohio-1474, ¶ 25. When reviewing the record of a criminal conviction for the sufficiency of the evidence, a court must assess whether the evidence was legally sufficient to support the jury verdict as a matter of law. *Thompkins*, *supra*.

**{¶ 7}** As we stated in *Nuhfer*: "The court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. * * * The test is, viewing the evidence in a light most favorable to the prosecution, could any

rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt." *Nuhfer* at ¶ 34.

{¶ 8} R.C. 2903.13(A) provides:  No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

{¶ 9} In determining whether a conviction is based on sufficient evidence, an appellate court does not assess whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.  *State v. Toda,* 6th Dist. Lucas No. L-18-1149, 2019-Ohio-4903, ¶ 31-41.

{¶ 10} Appellant engages in a broad attack on the credibility of the victim.  He argues that this reviewing court should infer that the origin of the bruises to the victim are from an altercation involving her boyfriend, K.T.  However, that incident in the record before the trial court occurred on March 4, 2020, nearly one and one –half years before the July 10, 2021 event that is now before this court.  Rance speculates that the victim must have suffered a bruise to her jaw in the 2020 incident involving K.T. and that this court should somehow infer that the assailant in the July 10, 2021 altercation was K.T., despite the absence of any evidence to support this notion.

{¶ 11} To the contrary, when the Toledo Police Officer Histed responded to the hospital emergency room, A.T. was consistent in telling the officer what happened and who was responsible for the bruising and ruptured eardrum.

{¶ 12} Appellant argues that the testimony of the victim and the responding officer implicating him was contradictory. However, this contention calls for an evaluation of the witnesses' credibility. In *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79, the court succinctly stated "an evaluation of the witnesses' credibility, which —as we have repeatedly pointed out—is not proper on review for evidentiary sufficiency."

{¶ 13} We will not disturb the verdict unless we determine that reasonable minds could not arrive at the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶ 14} In light of the totality of the evidence, we find that the elements of the crime were proven beyond a reasonable doubt. The victim identified Rance as the person who struck her on the side of the head causing her bruises and ruptured eardrum. R.C. 2901.22 states that "a person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."

{¶ 15} A reasonable person would be cognizant of the probability of physical harm resulting from a punch to the side of the head. The bruises to A.T.'s face and ruptured eardrum evidence that she experienced physical harm as a result of the appellant's actions. We find that reasonable minds could come to the conclusion that the

5.

elements of assault were proven beyond a reasonable doubt. Appellant's first assignment of error is found not well-taken.

{¶ 16} We will now address appellant's second assignment of error that claims his conviction was not supported by the manifest weight of the evidence.

{¶ 17} At the outset, we will note that appellant's second assignment references a conviction for *resisting arrest*, pursuant to *R.C. 2921.33(A).* Since this case has no such charge and his argument addresses the assault conviction, we shall proceed accordingly.

{¶ 18} While sufficiency of the evidence examines whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins,* 78 Ohio St.3d at 386, 678 N.E.2d 541. Under the manifest weight of the evidence standard, a reviewing court must ask the following question: whose evidence is more persuasive— the state's or the defendant's? *Id*. at ¶ 25. Although there may be legally sufficient evidence to support a judgment, it may nevertheless be against the manifest weight of the evidence. *Thompkins* at 387.

{¶ 19} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. *Wilson* at ¶ 25, quoting *Thompkins* at 387. In determining whether a

6.

conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving any conflicts in the evidence, the jury clearly lost its way and thereby created such a manifest miscarriage of justice that the conviction must be reversed and a new trial must be ordered. A conviction should be reversed on manifest weight grounds only in the most exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶ 20} Moreover, it is inappropriate for a reviewing court to interfere with factual findings of the trier of fact unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible. *State v. Dean*, 2018-Ohio-1740, 112 N.E.3d 32, ¶ 25-27 (6th Dist).

{¶ 21} In conducting our analysis, we are mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the factfinder to determine. *State v. Hernandez*, 2018-Ohio-738, 107 N.E.3d 182, ¶ 28 (8th Dist.). The rationale behind this principle is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimonies are credible. *Id.* Thus, it is for the fact finder to evaluate the credibility of witnesses in light of inconsistent or contradictory testimony.

{¶ 22} A defendant is not entitled to reversal on manifest weight grounds merely because certain aspects of a witness' testimony are inconsistent or contradictory. *State v.*

7.

*Sykes*, 6th Dist. Lucas No. L-21-1181, 2022-Ohio-865, ¶ 25, citing *State v. Flores-Santiago*, 8th Dist. Cuyahoga No. 108458, 2020-Ohio-1274, ¶ 40.

{¶ 23} Rance's arguments with respect to his manifest weight claim are the same presented in his sufficiency argument. Appellant argues that A.T. wanted to protect her boyfriend and claims this was evidenced by the victim's statement that her boyfriend had never punched her although the affidavit during trial indicated that he had punched her the previous year. And that she did not call the police because she did not want her boyfriend, K.T. to get in trouble which should call in to question the credibility of her testimony.

{¶ 24} It is the trier of fact that is charged with weighing the evidence and determining the credibility of the witnesses because the jury or judge can observe the witnesses' demeanor, gestures, and voice inflections to weigh credibility. *State v. Mims*, 6th Dist. Lucas No. L-18-1166, 2019-Ohio-4615, ¶ 14. As such, we find that a reasonable trier of fact could have convicted the appellant. The victim was clearly assaulted. The victim presented medical evidence at trial of a ruptured eardrum and bruising, and stated on the record multiple times that the assailant was appellant. There were no other witnesses who were present at appellant's house during the altercation to testify that the assailant was anyone other than appellant. Although A.T.'s testimony did include some conflicting statements, we do not believe this is adequate to overcome what

8.

the fact finder, the trial court, witnessed.  We find that a trier of fact could find the victim's testimony to be credible.

{¶ 25} We cannot say that this is one of the exceptional cases where the evidence weighs heavily against conviction.  The verdict was premised upon multiple sources of evidence, including the victim's testimony and that of the responding officer.

{¶ 26} We find that the appellant's second assignment of error is not well-taken.

{¶ 27} The judgement of the Toledo Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.